KAVANAUGH, Circuit Judge,
concurring:
I join the majority opinion and add these brief comments. Even without affording Chevron deference to the Department’s interpretation of the statute, I would still reach the same result in this case. In my view, although it is a close call, the better interpretation of the .term “smoking” in this statute covers e-cigarettes as well as conventional tobacco cigarettes. Judge Ginsburg’s fine dissent rests in part on. the notion that those who drafted or read the statute in 1987 would not have understood the term “smoking” to encompass e-cigarettes because e-cigarettes did not-exist .at that time. I am not convinced by that line of analysis, for reasons that the majority opinion persuasively explains. See Maj. Op. at 915 & n.5,